UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARK K. MCDERMOTT,

                                          Petitioner,

         -v.-                                          9:07-CV-0932
                                                              (GLS)(GJD)
ROCK, Acting Superintendent,

                                          Respondent.
_____

APPEARANCES:

MARK K. MCDERMOTT
03-A-0911
Southport Correctional Facility
P.O. Box 2000
Pine City, NY 14871
Petitioner, *pro se*

GARY L. SHARPE, U.S. District Judge

## DECISION and ORDER

By Order of this Court filed October 10, 2007, Petitioner Mark K. McDermott was directed to file an amended petition because his original petition appeared to be time-barred. Dkt. No. 2. McDermott was advised that, if he believed that his petition was not time-barred, any amended petition was to include information demonstrating that the petition was timely filed. *Id.* McDermott has filed an amended petition, which is now before the Court for review. Dkt. No. 3.

**I.    Amended petition**

As noted in the October 10, 2007 Order, 28 U.S.C. § 2244(d)(1) provides that federal habeas petitions challenging a judgment of a State Court are subject to a one year statute of limitations. Specifically, 28 U.S.C. § 2244(d) states:

> (1) A one year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of --

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under subsection (A), a judgment of conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). McDermott was sentenced in state court on February 11, 2003. Dkt. No. 3 at 10. Under New York law, McDermott had thirty days from that date, or until March 13, 2003, to file a notice of appeal to the appropriate appellate court. *See* N.Y. Crim. Proc. Law § 460.10(1)(a). Since McDermott did not file an appeal, direct review concluded thirty days after he was sentenced, when the time to file a notice of appeal to the Appellate Division expired, and his conviction therefore became final on March 13, 2003. *See Bowman v. Walsh*, No. 07-CV-3586, 2007 WL 2815711, at *1 (E.D.N.Y. Sep. 25, 2007) (citing *Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2002)). Thus, the one year

statute of limitations began to run on March 13, 2003.[1] Absent tolling, McDermott's statute of limitations expired on or about March 13, 2004. Since McDermott did not file any collateral or post-conviction motions until January 27, 2005 - well after the statute of limitations expired - none of the applications tolled the statute. *See* Dkt. No. 3 at 11.

McDermott, however, argues that his conviction did not become final until March 11, 2004, the date on which his time to file a motion seeking permission to file a late appeal expired. Dkt. No. 3 at 11. McDermott states that because he

> was sentenced on February 11, 2003, he had, under New York state law, thirty days from that date to file a Notice of Appeal. Thereafter, upon the expiration of that thirty days, petitioner had one year to file an application, pursuant to CPL § 460.30, for permission to file a late Notice of Appeal.

Dkt. No. 3 at 3. McDermott's argument is without merit. The time period in which to file an application for a late appeal does not delay the start of the statute of limitations, but merely tolls the running of an unexpired one-year time period. *See Searcy v. Carter*, 246 F.3d 515 (6th Cir. 2001) (the time period for filing an application for permission to file a late appeal does not delay the start of the statute of limitations); *see also Lopez v. Wilson*, 426 F.3d 339, 352 (6th Cir. 2005) (an application to reopen a direct appeal is a collateral attack to the conviction and not part of the direct appeal). Moreover, "the filing of a motion to extend the time to appeal or to file a late notice of appeal does not 'restart' the AEDPA limitaion period" if the period has already expired. *Bethea*, 293 F.3d at 579; *see also Miller v. Jeffreys*, No. 3:05 CV 1989, 2006 WL 3469638, at *5 (N.D. Ohio Nov. 30, 2006) ("Although filing a motion for a delayed appeal may toll the running of a pending, unexpired one-year

---

[1] The October 10, 2007 Order identified January 20, 2003 - 30 days after McDermott was convicted in state court - as the date that McDermott's conviction became final. *See* Dkt. No. 2 at 3. McDermott has now informed the Court that, although he was convicted on December 20, 2002, he was not sentenced until February 11, 2003. Dkt. No. 3 at 10. The Court has therefore revised the date that McDermott's conviction became final accordingly.

limitations period, it will not 'revive' the statute, or cause it to begin running anew."). Since McDermott's conviction became final on March 13, 2003, and he did not file any post-conviction motions, including the application to file a late appeal, until after January 27, 2005, his statute of limitations was not tolled by any of the applications and expired on March 13, 2004. McDermott's petition is not timely under 28 U.S.C. § 2244(d)(1)(A).

The Court has also considered whether McDermott's action is timely pursuant to subdivisions (B) or (C) of § 2244(d)(1) and finds that it is not. Petitioner does not allege that (1) an impediment to filing an application created by State action has now been removed, *see* § 2244(d)(1)(B); or (2) the Supreme Court has recognized a new constitutional right which has been made retroactive to cases on review, *see* § 2244(d)(1)(C).

McDermott also does not benefit from § 2244(d)(1)(D) which states that the one year statute of limitations shall run from the date that a petitioner could with due diligence have discovered the factual predicates of his claim. As one of his grounds, McDermott argues that, during plea negotiations, he was told that other counties were considering additional burglary charges against him, but if he accepted the proffered plea agreement, those charges would not be pursued. Dkt. No. 3 at 4 and 7. McDermott claims that in March and April of 2006, he learned, through a FOIL request, that those other counties "never had, or were considering, charges of any kind against petitioner." *Id.* at 7.

> In assessing a claim of newly discovered evidence, the Second Circuit has stated
>
> that the standard is when the relevant facts **could have** been discovered, "regardless of whether petitioner actually discovers the relevant facts at a later date." *Wims v. United States,* 225 F.3d 186, 188 (2d Cir.2000). "In other words, 'when evidence is newly obtained, but could have been obtained earlier [through the exercise of due diligence], the date when the evidence was actually obtained has no effect on the AEDPA limitation period." *Adams v. Greiner,* 272 F.Supp.2d 269, 274 (S.D.N.Y.2003), *quoting Duamutef v. Mazzuca,* 2002 U.S. Dist. LEXIS 4213, at *9 (S.D.N.Y.2002). While "the

> statute does not require the maximum feasible diligence, but, rather, only reasonable diligence," the petitioner must "reasonably pursu[e] discovering all relevant evidence concerning his defense." *Perez v. United States,* 2006 U.S. Dist. LEXIS 60111, *8-*9 (N.D.N.Y. August 15, 2006), *citing Wims v. United States,* 225 F.3d 186 at 190.

*Vaughan v. Lape*, No. 9:05-CV-1323, 2007 WL 2042471, at *5 (N.D.N.Y. Jul. 12, 2007) (footnote omitted).  In this case, McDermott "discovered" this new information more than two years after his conviction and sentence became final.  McDermott was clearly aware of the alleged charges pending against him in other counties as early as the entry of his plea, yet he did not pursue further information regarding those alleged charges until recently.  Because the factual predicate of this claim could have been discovered prior to March 2006, when he claims to have actually discovered it, McDermott did not exercise due diligence, and therefore can not benefit from 28 U.S.C. § 2244(d)(1)(D).

The Court has reviewed the remainder of McDermott's arguments and finds that McDermott's amended petition does not provide any information to overcome the finding that this action was not timely filed.  Accordingly, this action is dismissed as time-barred.

**II.     Certificate of appealability**

Section 2253(c)(1) of Title 28 of the United States Code provides, in relevant part, that

> [u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court....

28 U.S.C. § 2253(c)(1)(A).[2]  A certificate of appealability may only be issued "if the

---

[2] Likewise, Rule 22 of the Federal Rules of Appellate Procedure provides, in pertinent part, that "[i]n a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the

applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Since McDermott has failed to make such a showing herein, the Court declines to issue any certificate of appealability.

WHEREFORE, it is hereby

ORDERED, that this action is dismissed for the reasons set forth above, and it is further

ORDERED, that the Court declines to issue a certificate of appealability in this matter, and it is further

ORDERED, that the Clerk serve a copy of this Order on McDermott in accordance with the Local Rules.

IT IS SO ORDERED

Dated: February 6, 2008

*Gary L. Sharpe*
U.S. District Judge

---

applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1).